UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KATHY L., | ) |
| | ) |
|        Plaintiff | ) |
| | ) |
| v. | )   No. 1:23-cv-00231-JAW |
| | ) |
| MARTIN O'MALLEY, | ) |
| Commissioner of Social Security, | ) |
| | ) |
|        Defendant | ) |

### REPORT AND RECOMMENDED DECISION

The Plaintiff in this Social Security Disability appeal contends that the Administrative Law Judge (ALJ) erred in (1) finding a severe impairment of fibromyalgia but adopting the residual functional capacity (RFC) findings of experts who attributed no limitations to that condition and (2) characterizing a job as "past relevant work" without addressing her testimony that she had not performed the job long enough to learn how to do it. *See* Plaintiff's Brief (ECF No. 11) at 2-6. I agree that the ALJ erred in both respects and therefore recommend that the Court vacate the Commissioner's decision and remand this case for further proceedings consistent with this decision.

### I. Background

The ALJ found, in relevant part, that from October 18, 2016, the Plaintiff's alleged onset date of disability, through the date of the decision, June 28, 2022, the Plaintiff had severe impairments of fibromyalgia, degenerative disc disease of the cervical spine, and left hip osteoarthritis, *see* Record at 18; retained the RFC to

1

perform light work as defined in 20 C.F.R. § 404.1567(b) except that she would need to alternate between sitting and standing for three to five minutes per hour in the aggregate; could never climb ladders, ropes, or scaffolds; could frequently climb ramps or stairs and stoop; could occasionally kneel, crouch, and crawl; could frequently reach overhead bilaterally; should not work around unprotected heights; and could frequently push and pull with her left lower extremity, *see id.* at 21; was capable of performing past relevant work as a mail sorter, which did not require the performance of work-related activities precluded by her RFC, *see id.* at 30; and therefore had not been disabled from October 18, 2016, her alleged onset date of disability, through June 28, 2022, the date of the decision, *see id.* at 31. The Appeals Council denied the Plaintiff's request to review the ALJ's decision, *see id.* at 1-3, making that decision the final determination of the Commissioner, *see* 20 C.F.R. § 404.981.

## II. Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001). Substantial evidence in this context means evidence in the administrative record that a reasonable mind could accept as adequate to support an ALJ's findings. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). If an ALJ's findings are supported by substantial evidence, they are conclusive even if the record could arguably support a different result. *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765,

769 (1st Cir. 1991). But an ALJ's findings "are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

### III. Discussion

#### A. RFC Determination

The Plaintiff first argues that the ALJ's RFC determination is unsupported by substantial evidence because, despite deeming the Plaintiff's fibromyalgia severe, she inexplicably adopted the RFC findings of two agency nonexamining consultants, Archibald Green, D.O., and Donald Trumbull, M.D., who found that condition nonsevere and assessed no related functional limitations. *See* Plaintiff's Brief at 2-13; Plaintiff's Reply (ECF No. 19) at 1-5.

The Commissioner defends the decision on the bases that (1) Drs. Green and Trumbull necessarily took the Plaintiff's nonsevere fibromyalgia into account in assessing her functional limitations, (2) this Court has acknowledged that even a severe impairment does not necessarily cause limitations, and (3) the Plaintiff has not shown that either Dr. Green or Dr. Trumbull lacked the benefit of review of later-submitted fibromyalgia evidence that would have called his conclusions into question. *See* Commissioner's Brief (ECF No. 13) at 8-17.

The Plaintiff has the better argument.

First, while it is true as a general proposition that an RFC must take into account any limitations from nonsevere impairments, *see* 20 C.F.R. § 404.1545(a)(2), Drs. Green and Trumbull expressly attributed all limitations they assessed to other

3

conditions: osteoarthritis and left hip pain, in the case of Dr. Green, and osteoarthritis, in the case of Dr. Trumbull, *see* Record at 85-88, 93-96.

Second, while it is also true as a general proposition that "a finding that a particular impairment is severe does not necessarily result in a finding of related limitations on the ability to perform work-related functions," Commissioner's Brief at 10 (quoting *DuBois v. Berryhill*, No. 1:17-cv-00076-JDL, 2017 WL 6000340, at *4 (D. Me. Dec. 3, 2017) (rec. dec.), *aff'd*, 2018 WL 1091967 (D. Me. Feb. 28, 2018)), the ALJ never explained why she rejected the Green and Trumbull findings that the Plaintiff's fibromyalgia was not severe yet adopted their findings that the condition caused no functional limitations. Absent an explanation, the Court cannot discern whether the ALJ's RFC determination is supported by substantial evidence. *See, e.g., Craig G. C. v. Saul*, No. 2:20-cv-00217-JDL, 2021 WL 2012307, at *5 (D. Me. May 20, 2021) (rec. dec.) ("While courts overlook an arguable deficiency in opinion-writing technique if not outcome-determinative, reversal and remand are warranted when failures to explicate and/or even address material issues prevent a reviewing court from concluding that the ALJ reached a supportable result *via* an acceptable analytical pathway." (cleaned up)), *aff'd*, 2021 WL 2416963 (D. Me. June 14, 2021).

Third and finally, the extent to which Drs. Green and Trumbull had the benefit of review of the fibromyalgia evidence of record does not bear on the adequacy of the ALJ's explanation for her handling of that impairment.

## B. Finding That Plaintiff Could Return to Past Relevant Work

The Plaintiff next faults the ALJ for categorizing a mail sorter job that she performed for less than two months in 2016 as "past relevant work" without addressing her testimony that she did not regularly meet her quota and was still in training when the job ended. *See* Plaintiff's Brief at 13-16; Record at 30-31, 53-54. She argues that this asserted error warrants remand with instructions to award benefits. *See* Plaintiff's Brief at 15-16. I agree that the ALJ erred in this respect but do not find a remand for the award of benefits appropriate.

A claimant is not disabled if she retains the capacity to perform past relevant work. *See* 20 C.F.R. § 404.1520(a)(4)(iv). "Past relevant work is work that [a claimant] ha[s] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." *Id.* § 404.1560(b)(1). "[I]t is the claimant, not the [Commissioner] (or ALJ), who has the burden of proving inability to perform her former type of work." *Gray v. Heckler*, 760 F.2d 369, 372 (1st Cir. 1985). "That burden necessarily includes an obligation to produce evidence on that issue." *Id.*

After the Plaintiff testified that she had not learned her mail sorter job, the ALJ asked the vocational expert (VE) present at the hearing to classify that work. *See* Record at 61. The VE testified that "[t]his job is generally performed as light, actually performed as sedentary, and has an SVP [Specific Vocational Preparation] of 2." *Id.* A job with an SVP of 2 is an "unskilled" job that "a person can usually learn

5

to do . . . in 30 days." *Christopher C. v. Saul*, No. 1:20-cv-00118-NT, 2021 WL 694808, at *3 (D. Me. Feb. 23, 2021) (rec. dec.), *aff'd*, 2021 WL 1840751 (D. Me. May 7, 2021).

Based on the VE's testimony, the ALJ found that the Plaintiff had performed her work as a mail sorter "for long enough to learn the job." Record at 30. However, she ignored the Plaintiff's testimony to the contrary, which, if accepted, would have precluded a finding that the mail sorter job constituted past relevant work. This error, as well, constitutes a "failure[] to explicate and/or even address [a] material issue[]" that separately warrants remand. *See, e.g., Craig G. C.*, 2021 WL 2012307, at *5.

Nonetheless, "[a] remand with an order to award benefits is reserved for a small subset of cases in which the Social Security Administration has no discretion to act in any manner other than to award . . . benefits." *Judy L. v. Saul*, No. 2:20-cv-00040-JDL, 2020 WL 5652179, at *2 (D. Me. Sept. 23, 2020) (rec. dec.) (cleaned up), *aff'd*, 2020 WL 7048261 (D. Me. Dec. 1, 2020). "If an essential factual issue has not been resolved . . . and there is no clear entitlement to benefits, the court must remand for further proceedings." *Id.* (cleaned up); *see also, e.g., Applebee v. Berryhill*, 744 F. App'x 6, 6 (1st Cir. 2018) ("[I]t is the province of the ALJ, not the courts, to find facts, decide issues of credibility, draw inferences from the record, and resolve conflicts of evidence." (cleaned up)). The Plaintiff has shown no clear entitlement to benefits predicated on the error she identified. On remand, the Commissioner would retain the discretion to credit or reject her testimony that she had not learned the mail sorter job.

6

## IV. Conclusion

For the foregoing reasons, I recommend that the Commissioner's decision be **VACATED** and the case **REMANDED** for proceedings consistent with this decision.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: April 24, 2024

/s/ Karen Frink Wolf
United States Magistrate Judge